IN RE EXCEPTIONS TO APPLICATION OF THEODORE A. VEASEY FOR A LICENSE TO SELL INTOXICATING LIQUOR AT THE STONE HOUSE IN DELMAR.

*Intoxicating Liquors—Application for License—Recommendation; —Not read by or to Each Signer—License Refused.*

The recommendation of an applicant for a license to sell intoxicating liquors must have been read by, or to, *each* signer thereof, even though there were more than twelve signers.

(*April* 12, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*C. W. Cullen* and *R. C. White* for applicant.

*Robert G. Houston* and *Henry B. Freeney* (of the Maryland Bar) for exceptants.

Court of General Sessions, Sussex County, April Term, 1906.

Appended to the said application were the signatures of 35 persons, alleged to be freeholders residing in United School Districts Nos. 163 and 163½ in said county, the place where the said Stone House was located. Among the exceptions filed was the following: "10. That the said Theodore H. Veasey is not a suitable person to whom license should be granted in this: that he has sworn falsely, in that his certificate and recommendation aforesaid was not read to or by each of the signers thereof."

Six of said signers testified before the Court that the application had not been read to them, nor had they read the same themselves. Thereupon counsel for the exceptants moved to dismiss the application on that ground.

*Mr. Cullen:*—The statute requires that there shall be twelve signers. This application contains thirty-five. So that there are twenty-nine signers who are presumed to have had the application read to them, and therefore the statute requiring that twelve freeholders shall sign the application, each of whom shall read the same or shall have the same read to him, has been complied with.

LORE, C. J.:—The statute (*Chap.* 418, *Sec.* 4, *Vol.* 14, *Laws of Delaware—Rev. Code*, 413) requires that the applicant for a license to sell intoxicating liquor shall present a petition with certain recommendations and that each person signing said recommendation must either have read it himself or have had the same read to him. That is the positive mandate of the law. As the evidence before us discloses that the petition was not read to or read by *each* of the signers to the same, we hold that the law has not been complied with, that the certificate is void, and we therefore refuse the license on that ground.